THOMAS J. DRENNAN, as Fire Commissioner of the City of New York, Respondent, v. HOWARD HAMPTON, Appellant.

First Department, April 30, 1920.

Insurance — municipal corporations — percentage payable by foreign insurance agents to fire commissioner, city of New York — counterclaim for alleged overpayment — deductions for cost of reinsurance not allowed — Insurance Law, sections 133–135, not applicable — constitutional law.

In an action brought by the fire commissioner of the city of New York against the agent of a foreign insurance company to recover the two per cent of premiums received by the defendant upon policies of fire insurance on property situated within the city of New York, which percentage is payable to said fire commissioner under sections 799 and 800 of the Greater New York charter (as amd. by Laws of 1915, chap. 594), the defendant is not entitled to recover as an offset or counterclaim previous voluntary payments to the fire commissioner, where the defendant makes no claim that the payments were made by mutual mistake, fraud or duress.

As section 799 of the Greater New York charter provides for the payment by such agent of the sum of $2 upon the $100 and at that rate upon the amount of all premiums, the agent has no right to deduct from the amount payable the amount paid by the insurance company for reinsurance, for the latter is an expense of the business and cannot be deducted from the gross amount of premiums received.

Sections 133–135 of the Insurance Law have no relation to the payment of the percentage upon such premiums to the fire commissioner, as said sections, in terms, except the cities of New York and Buffalo. So long as the provisions of the Greater New York charter apply equally to all in the same situation, they are not unconstitutional because another statute applying to other localities may be different.

APPEAL by the defendant, Howard Hampton, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 10th day of July, 1919, upon the decision of the court, a jury having been waived.

*George Richards* of counsel [*Richards & Affeld*, attorneys], for the appellant.

*Willard S. Allen* of counsel [*John F. O'Brien* and *Josiah A. Stover* with him on the brief; *William P. Burr, Corporation Counsel*], for the respondent.

PAGE, J.:

The action was brought by the fire commissioner of the city of New York against Howard Hampton, agent of the Hartford Fire Insurance Company, a foreign fire insurance corporation organized under the laws of the State of Connecticut, to recover a balance of $1,932.41 alleged to be due on account of the two per cent of certain premiums upon policies of fire insurance effected by the defendant upon property situated within the city of New York and received by him as agent of said company between September 1, 1914, and December 31, 1915. The defendant on January 31, 1916, pursuant to section 800 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1915, chap. 594), rendered certain reports to the then fire commissioner of the business done by him in the city of New York and paid to the fire commissioner an amount equal to two per cent of the premiums of direct and reinsurance effected by him as such agent, deducting premiums returned upon canceled policies of direct and reinsurance, and also the amount of premiums alleged to have been paid for reinsurance in companies authorized to issue policies in the State of New York during the said period. There is no dispute as to the facts. Two main questions of law are presented for our determination: *First,* was the deduction made by the defendant from the gross amount of premiums permissible under the law; and, *second,* should the defendant be allowed to recover or offset the sum of $165.52, being two per cent of the premiums received by him upon contracts of reinsurance effected by him as agent of said company and paid to the fire commissioner on February 1, 1916, for which he has made a counterclaim in his answer? While the defendant was not chargeable with the tax upon the premiums upon the contracts of reinsurance (*Adamson* v. *Schreiner,* 176 App. Div. 95; affd., 225 N. Y. 713), the trial court has held that the payment of this sum was a voluntary payment and as the defendant does not claim that this payment was made by mutual mistake, fraud, or under duress, the court properly held that it could not be allowed as an offset.

There is no provision in section 799 of the Greater New

York charter (as amd. by Laws of 1915, chap. 594) for any deduction from the gross amount of premiums received by the agent. That section provides: "There shall be paid * * * the sum of two dollars upon the hundred dollars, and at that rate upon the amount of all premiums which, during the year ending on the next preceding thirty-first day of December, shall have been received by such agent or person, * * * for any insurance against loss or injury by fire * * *."

The language of the statute is plain; two per cent on the amount of all premiums is to be paid. Had it been the intention that the amount paid out for reinsurance should be deducted, the Legislature would have made it evident by so providing in terms. It is not the province of the court to read into the statute, by construction, provisions that the Legislature has not inserted in it. "It is a familiar rule that it is not the province of the courts to supervise or revise legislation and a law plain and certain in its meaning declares itself and is insusceptible of interpretation. It is as binding upon a court as upon every citizen." (*Matter of Meyer*, 209 N. Y. 386, 389.) A premium paid out for reinsurance is an expense of the business and cannot be deducted from the gross amount of premiums received, any more than can the other expenses of the business. (*People ex rel. Continental Ins. Co.* v. *Miller*, 177 N. Y. 516, 522.) The defendant claims that, as it is conceded that the amount of premiums refunded on the cancellation of policies during the year may be deducted, for the same reason premiums paid out for reinsurance should be deducted unless the statute prohibits. In this the defendant fails to consider the radical difference that exists between these payments. Accepting the concession of the corporation counsel that the amount of the returned premiums is properly deductible from the amount of all premiums received (without, however, so deciding), the theory upon which that deduction can be sustained is that every fire insurance policy in this State, by its terms, is subject to cancellation and in that event it is provided both by the policy and by statute (Ins. Law, § 122) that the unearned premiums shall be refunded by the company. The amount of premiums received is to be reported for the year ending December thirty-first preceding. When a part of the premium is refunded because of a cancellation it is

the same as though no more of the premium than that part retained had been paid. The liability of the company upon the policy ceases on its cancellation and the retained premium covers the risk actually borne by the company. (*People ex rel. Continental Ins. Co.* v. *Miller, supra,* 518.)

The learned counsel for the appellant has made an able and ingenious argument with reference to the applicability of sections 133, 134* and 135 of the Insurance Law to the case under consideration, but as those sections in terms except the cities of New York and Buffalo, in the charters of which special provision is made upon this subject, and the tax provisions of the Insurance Law are clearly intended to apply to the State outside of these localities, we do not deem it necessary to enter upon a discussion of these statutory provisions, except to state that so long as the charter provisions apply equally to all in the same situation, they are not unconstitutional because another statute applying to other localities may be different. Nor do we think it necessary to consider other tax laws and to reason from them by analogy, as to the intention of the Legislature in enacting sections 798 and 799 of the Greater New York charter (as amd. by Laws of 1915, chap. 594), as such inference is only proper where the statute under consideration is not clearly expressed and requires construction.

We, therefore, hold that the defendant could not deduct the premiums paid for reinsurance, and the judgment should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment affirmed, with costs.

---

* Amd. by Laws of 1913, chap. 304.— [REP.